## Commonwealth v. Kendrick

*Roger B. Reynolds*, assistant district attorney, for Commonwealth.

*Bernard E. DiJoseph*, for defendant.

CORSON, J., June 23, 1949.—Defendant, Norwood P. Kendrick, was convicted by a jury upon the charge of operating a motor vehicle while under the influence of intoxicating liquor. Defendant filed the present motion for a new trial, alleging error in allowing the testimony by a police officer of an admission or a statement by Kendrick that he had been operating his car shortly before his arrest. Defendant contends that this testimony should not have been heard because the confession of a crime cannot be admitted until the Commonwealth has shown the corpus delicti or that a crime in fact has been committed. This constitutes the first contention of defendant. The second contention is that defendant did not operate his motor vehicle upon a public highway of the Commonwealth and therefore was not subject to section 620(f) of The Vehicle Code of May 1, 1929, P. L. 905.

Taking these contentions up in their order we feel that as to the corpus delicti a statement by defendant, that he was operating a motor vehicle, is not an admission or confession of crime. When defendant stated that he had been operating the automobile, then it became incumbent upon the Commonwealth to show that he was under the influence of intoxicating liquor at the time of such operation. This the Commonwealth did to the apparent satisfaction of the jury.

While it is true that no man should be convicted of a crime upon his own unsupported statement that he had committed such a crime, certainly that is not the fact in the present case. Defendant's statement was purely a statement of fact that did not involve or incriminate defendant in any way in the commission of a crime. However, when the Commonwealth showed the other necessary concurring element in the commission of the crime, and which only became a crime when such concurring element was present, to wit, when the person so operating was under the influence

of intoxicating liquor, then both the corpus delicti and the commission of the crime by defendant were shown. While the rule of corpus delicti was consistently upheld in the old English law, in the case of felonies, and properly so because nearly all felonies were punishable by death, yet even in the English common law the rule of corpus delicti did not apply to misdemeanors. See opinion of Judge Staples in Commonwealth v. Quick, 15 Dist. R. 260 (1905).

See also Henry, Pennsylvania Trial Evidence, 3rd ed., p. 187, §123, where it is stated:

"Before a confession of homicide is admissible in evidence, there must be other proof of a corpus delicti, or at least sufficient evidence thereof to entitle the case to go to the jury on that question. . . . *This rule does not apply in trials for misdemeanors.*" (Italics supplied.)

A very similar situation was passed upon in Commonwealth v. Waugh et al., 56 D. & C. 170 (1946). Judge Dannehower's scholarly opinion and the cases cited therein would seem to be completely applicable to the present situation.

Referring to the second of defendant's contentions, we feel that it also is without merit. Section 620 (*f*) of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §231, makes it unlawful "to operate a motor vehicle . . . while under the influence of intoxicating liquor . . ." If this were the only part of the act necessary to be considered, and that was obviously the only part of the act considered when the indictment was drawn, this case would be entirely free from difficulty. Defendant contends that to operate a motor vehicle you must be an operator and the definition of an operator as set forth in The Vehicle Code, supra, 75 PS §2, provides that an operator shall be "Every person who is in actual physical control of a motor vehicle or tractor upon a highway." The title of the code provides, inter

alia, for "Regulating the use of highways and the operation of vehicles . . . upon the highways of this Commonwealth." The title also begins as follows: "An act for the protection of public safety; . . ." Highway is defined as "Every way or place, of whatever nature, open to the use of the public as a matter of right, for the purposes of vehicular travel. The term 'highway' shall not be deemed to include a roadway or driveway upon grounds owned by private persons, colleges, universities, or other institutions."

The place where defendant admittedly operated his motor vehicle was in the space between the front of the General Wayne Inn and the northerly line of Montgomery Avenue, in Lower Merion Township. The front of the inn does not run parallel to Montgomery Avenue so that at the westerly end of the property the distance from the front of the inn to the curb of the street is shorter than the distance from the easterly end of the inn building. The curb line in front of the inn appears to be clearly defined but is lower than the regular curb so that patrons of the inn may drive upon the inn property, parking there while partaking of the hospitality of the General Wayne Inn.

There was ample evidence to justify the finding of the jury that defendant, while under the influence of intoxicating liquor, operated his car, which was parked in the space referred to, backwards a distance of several feet until the rear bumper came into collision with the right-hand door of a car parked within the limits of Montgomery Avenue. The damage to the parked car caused the owner or operator and several of his friends to call the Lower Merion police to the scene. The police found defendant with his feet on the ground, the door half opened, and defendant partially seated upon the left front seat of his car. At that time the engine was not running and from the evidence the parties interested in the parked car had withdrawn

the keys from defendant's vehicle. Defendant, when found by the police, was under the influence of intoxicating liquor and, on his way to the police station, told the police what had happened which resulted in their being called.

We feel that The Vehicle Code must be construed as covering the situation in the present case. The code specifically provides, in other sections than 620(f), such as the section covering the necessity for an operating license, that no person without such operating license shall operate upon a highway in the Commonwealth (section 601, 75 PS §161). This provision is left out by the legislature in drawing section 620(f) and there is a common sense reason for such provision. A person may be a most wonderful driver and yet not hold an operator's license. Such person may operate but not on the highway. A person under the influence of intoxicating liquor, however, may well have been determined by the legislature to be a menace not only to the public but to himself wherever he may operate. While defendant contends that it could not have been intended to cover a man operating in his own garage, yet certainly a man so operating might run over his own child, to his own everlasting sorrow. An intoxicated man operating a car in a public garage might do more damage in a short time than he would if he were operating where he had more room upon a highway. In the present situation the public not only had the right but was invited by the operators of the General Wayne Inn to use the space between the inn and the highway for parking purposes. So far as the public was concerned this was a piece of property that could be used by the public as a matter of right. However, it was not a driveway or highway in the ordinary sense. Certainly the protection of the law protecting operators of motor vehicles covered the piece of ground so used by the public.

Admittedly, the car struck by defendant was parked on Montgomery Avenue. It was a fair inference for the jury that, in order to strike the door of the car, part of defendant's car must have extended into Montgomery Avenue. Whether or not this could be held to be operation of the car upon Montgomery Avenue may be questionable but is one of the circumstances to be considered.

We do not agree, however, with the example given by defendant's counsel in his brief. Counsel contends that a car being hauled upon a trailer, while it would be over Montgomery Avenue, could not be said to be upon Montgomery Avenue. We feel that a car, if it were being operated back and forth upon a trailer on the highway, by an operator under the influence of intoxicating liquor, would be a violation of the act. The amount of insulation between the vehicle and the highway is not certainly the final test. The fact that a drunken driver drove upon planks laid on a highway, so that the tires did not come in actual contact with the roadway, certainly would not clear him of the charge of operating upon a highway while under the influence of intoxicating liquor. The exact question here raised has apparently never been passed upon by our appellate courts. The lower court decisions appear to be consistent with our holding in the present case. No lower court case has been brought to our attention which rules to the contrary. See Commonwealth v. Campbell, 84 Pitts. L. J. 681 (1936) ; Commonwealth v. Oakley, 36 D. & C. 326 (1939) ; Commonwealth v. Goldscheiter, 57 D. & C. 490 (1946).

And now, June 23, 1949, for the reasons given, defendant's motion for a new trial is refused and defendant is directed to appear for sentence on July 1, 1949, at 9 a.m. (e. s. t.), in Courtroom B.